IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02029-EWN-MEH

TODD A. TREAT,

    Plaintiff,

v.

AMERICAN FURNITURE WAREHOUSE, CO.,

    Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**
_____

Before the Court is Plaintiff's Motion to Compel Discovery Responses [Docket #40]. The matter has been referred to this Court for resolution [Docket #42]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion to Compel.

**I.    Background**

This case was referred to this Court by Chief District Judge Edward W. Nottingham to conduct pretrial matters and hold a Scheduling Conference pursuant to Rule 16 on October 19, 2006. This Order also set a dispositive motion deadline of June 11, 2007. Dock. #2. A Scheduling Conference was held on January 30, 2007, and a Scheduling Order was entered. The Scheduling Order reiterates the dispositive motion deadline of June 11, 2007, and sets a discovery cutoff of May 11, 2007. Dock. #12, p.8. In almost all cases before this Court, the Court requires a one-month period between the close of discovery and the filing of dispositive motions to allow for parties to prepare their motions, having the benefit of the discovery which has been completed during the allotted discovery period, and without having to continue to respond to discovery requests.

Regarding interrogatories and requests for production of documents, the Scheduling Order requires the "initial set to be served on or before April 1, 2007. Any subsequent request for production of documents served on or before May 8, 2007." *Id.* at 10–11. This was the parties' stipulated language. The discovery deadline was May 11, 2007, one month prior to the dispositive motion deadline. Unfortunately, the parties also inserted, and the Court adopted, a provision stating that "subsequent" interrogatories and requests for production were to be submitted by May 8, 2007. Obviously, with a 33-day response period (three days for mailing), if discovery requests were submitted on May 8, 2007, it would intrude upon the discovery deadline of June 11, 2007. The Scheduling Order was silent concerning the timing of requests for admissions, except, of course, for the May 11, 2007 discovery deadline.

Plaintiff served his initial discovery requests on May 3, 2007, and Defendant objected that the discovery was untimely. Plaintiff argues that his failure to serve initial written discovery by April 1 did not preclude him from seeking later discovery by the May 8 deadline. Plaintiff also argues that May 11 cannot be an absolute discovery cutoff date because the May 8 deadline for subsequent discovery would allow for responses after the May 11 deadline. Finally, Plaintiff argues that neither of these issues address Defendant's failure to respond to requests for admissions that were also submitted on May 3, 2007.

At no time has either party requested an extension of any deadline.

**II.     Discussion**

As an initial matter, Defendant objects to Plaintiff's Rule 7.1 and Rule 37.1 certification. Defendant points out that, in response to Plaintiff's email, counsel offered to compromise on its objection. Defendant argues that instead of continuing to confer in good faith, Plaintiff filed the

instant motion. A failure to respond to an offer to compromise does not satisfy the requirements of Rule 7.1.A, and on this basis alone the Court could deny Plaintiff's motion. Such a denial, however, is usually without prejudice, and the Court would rather address this issue only once, given the stayed deadline for responding to Defendant's Motion for Summary Judgment.

A Scheduling Order is entered early in a case to "control the subsequent course of action." Fed. R. Civ. P. 16(e). The purpose of such an order is

> to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.

Fed. R. Civ. P. 16 advisory committee's note (quoting *Report of the National Commission for the Review of Antitrust Laws and Procedures* 28 (1979)). Part of a counsel's duty to zealously advocate for his client's interest is to actively prosecute a case and not allow the matter to languish. Thus the administration of justice is best served by following the Scheduling Order in place to timely and properly prepare a case for trial.

Deadlines in a Scheduling Order are to be modified only upon a showing of good cause, which requires the moving party to demonstrate that the deadline cannot be met with the due diligence. Fed. R. Civ. P. 16(b). This standard underscores the purpose of the Scheduling Order, which is to provide direction to the parties at the outset of the case and to notify the parties of the Court's expectations regarding pretrial management. As other courts have explained, "[t]he . . . Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Hannah v. Roadway Express, Inc.*, 200 F.R.D. 651, 654 (D. Colo. 2001) (citation and quotations omitted).

In the present case, Plaintiff does not seek any extension of the discovery deadline, nor leave to serve discovery requests out of time. Rather, Plaintiff argues that the discovery sought falls within the plain reading of the Scheduling Order. At the outset, the Court notes that the disputed language was jointly drafted by counsel for both parties. The parties failed to *docket* a Proposed Scheduling Order in this case (*see* Dock. #11, requiring the parties to submit a Proposed Scheduling Order through ECF as well as directly to Chambers), but did submit by email to Chambers a jointly drafted Scheduling Order. The wording at issue here was agreed to by all counsel in this case.

Applying the plain language rule, the Court must disagree with Plaintiff's contentions. "Initial" is defined, in relevant part, as "[o]f, relating to, or occurring at the beginning; first." AMERICAN HERITAGE DICTIONARY 4th Ed. 2006. Likewise, "subsequent" is defined as "[f]ollowing in time or order; succeeding." *Id.* A discovery request cannot "follow in time" unless another discovery request occurs first. Most notably, this basic interpretation of the Scheduling Order is also in line with the purpose of the Scheduling Order in preparing a case for trial. The first set of discovery would allow the parties to determine what limited areas of follow up were required by the close of discovery and would further allow the parties to prepare expert reports, as necessary, by the deadlines set for such reports. To that end, Plaintiff had two months after the Scheduling Conference to submit the first set of written discovery requests, all the while knowing that the discovery deadline was May 11, 2007, and the dispositive motion deadline, already set by the District Judge, was June 11, 2007. Plaintiff's first written discovery requests submitted on May 3, 2007, would not have required a response until June 5, 2007, only six days before the dispositive motion deadline and well beyond the discovery deadline. Moreover, Plaintiff did not file this motion until July 2, 2007, well after the dispositive motion deadline.

As noted above, the Scheduling Order sets the discovery cutoff for May 11, 2007, which Plaintiff argues contradicts the provision allowing subsequent interrogatories and requests for production to be submitted by May 8, 2007. The Court does not dispute that these deadlines create a potential conflict, and this argument would have more merit if Plaintiff had relied on the rest of the language of the Scheduling Order and was, in fact, submitting subsequent requests by this deadline, rather than his first set. Importantly, nothing in the Scheduling Order allows for Requests for Admissions to be submitted later than thirty-three days prior to the discovery cutoff of May 11, 2007. Thus, the discovery period in this case ended before Defendant was required to answer Plaintiff's Requests for Admissions.

Plaintiff waited until the eleventh hour to seek this discovery, in direct contravention of the Scheduling Order. The plain language of the Scheduling Order does not support Plaintiff's actions. To reiterate, Plaintiff followed neither the deadline for initial discovery requests, nor the discovery deadline. In all circumstances in this District, the discovery deadline means that written discovery must be submitted in such a time that the responses to discovery will be due on or before the discovery deadline. Finally, other than his interpretation of the Scheduling Order, Plaintiff does not argue good cause, nor any cause, for his delay here, and does not seek any extension of the deadlines.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel Discovery Responses [Filed July 2, 2007; Docket #40] is **denied**.

Dated at Denver, Colorado, this 26th day of July, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge